ORIGINAL

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RECEIVED-CLERK
U.S. DISTRICT COURT
2007 MAY 24 P 2: 08

------------------------------------X

CRAIG and MARIE GWYDIR,                    Civil Action No.: 07-2481
                                                              (FLW)
            Plaintiffs,

      -against-                            **NOTICE OF REMOVAL**

THE HOME DEPOT, KRAFTMAID CABINETRY        Superior Court
Inc., and JOHN and JANE DOE                Law Division
corporations,                              Civil Action
                                           Monmouth County
            Defendants-Petitioners.
                                           Docket No.:
                                           MON-L-1956-07

------------------------------------X

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY:

   Defendants-Petitioners, HOME DEPOT U.S.A. INC. s/h/a THE HOME DEPOT and KRAFTMAID CABINETRY, INC. ("Defendants"), by its attorneys, SIMMONS, JANNACE & STAGG, L.L.P., upon information and belief, respectfully petitions the Court, pursuant to 28 U.S.C. § 1441(a), (b) and (c), as follows:

   1.   In May 2007, the above-captioned civil action was commenced and is now pending in the Superior Court of New Jersey, Law Division, Civil Action, County of Monmouth. A trial has not yet been had therein. A copy of the Summons and Complaint is annexed as **Exhibit "A"**. Defendants have not yet served an Answer to plaintiffs' Complaint.

   2.   This action seeks monetary damages for damages allegedly suffered by plaintiffs CRAIG and MARIE GWYDIR, for defective cabinetry. The plaintiffs' Complaint sounds in contract.

3. The action involves a controversy between citizens of different states, in that: (a) Plaintiffs are citizens of the State of New Jersey; (b) Defendant, Kraftmaid Cabinetry Inc., is now, and was at the time the action was commenced, a corporation incorporated in the State of Ohio with its principal place of business in the State of Ohio; and (c) Defendant, Home Depot U.S.A. Inc. is now, and was at the time the action was commenced, a corporation incorporated in the State of Delaware with its principal place of business in the State of Georgia.

4. This action is one of which the District Courts of the United States have original jurisdiction under 28 U.S.C. § 1332. There is complete diversity between Defendants and Plaintiffs. In addition, the amount in controversy exceeds $75,000.

5. This Notice of Removal is being filed within thirty (30) days after receipt by Defendants of plaintiffs' Complaint.

6. Written notice of the filing of this Notice of Removal will be given to plaintiffs promptly after the filing of this Notice.

7. A true and correct copy of this Notice of Removal will be filed with the Clerk of the Court of the Superior Court of New Jersey, Law Division, Civil Action, County of Monmouth promptly after the filing of this Notice.

8. Attached to this Notice, and by reference made a part hereof, are true and correct copies of all process and pleadings filed herein.

9. By filing this Notice of Removal, Defendants do not waive any defense which may be available to it, specifically including, but not limited to, its right to contest *in personam* jurisdiction over Defendants, improper service of process and the absence of venue in this Court or the Court from which this action has been removed.

**WHEREFORE**, KraftMaid prays that the above-captioned action now pending in the Superior Court of New Jersey, Law Division, Civil Action, County of Monmouth, be removed therefrom to this Court.

Dated:   Syosset, New York
         May 23, 2007

                    Yours, etc.,

                    SIMMONS, JANNACE & STAGG, L.L.P.

                    By: _____
                        THOMAS E. STAGG (ts-0663)
                    Attorneys for Defendants-Petitioners
                    HOME DEPOT U.S.A. INC. s/h/a THE
                    HOME DEPOT and KRAFTMAID CABINETRY
                    INC.
                    **Office & P.O. Address**
                    75 Jackson Avenue, Suite 100
                    Syosset, New York   11791-3193
                    (516) 357-8100

TO:   LUEDDEKE LAW FIRM
      Attorneys for Plaintiffs
      CRAIG and MARIE GWYDIR
      **Office & P.O. Address:**
      215 Morris Avenue
      Spring Lake, New Jersey 07762
      (732) 449-2884

Notice of Removal

**LUEDDEKE LAW FIRM**
215 MORRIS AVENUE
SPRING LAKE, NEW JERSEY 07762
(732) 449-2884
FAX: (732) 449-8226
**ATTORNEY FOR PLAINTIFF(S)**

RECEIVED
MAY 0 1 2007
LEGAL DEPT.

---

CRAIG AND MARIE GWYDIR

Plaintiff(s),

v.

THE HOME DEPOT,
KRAFTMAID CABINETRY INC,
AND JOHN and JANE DOE
corporations

Defendant(s)

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION
MONMOUTH COUNTY

DOCKET NO. MON-L-1956-07

Civil Action

SUMMONS

---

From the State of New Jersey To The Defendant(s) Named Above:

### THE HOME DEPOT

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided). If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971 [CN-971], Trenton,

NJ 08625-0971. A filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if not attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 [$110 for Law Division and $105.00 for Chancery Division] and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided.

If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

DATED: April 25, 2007

                                                                                     S/Theodore J. Fetter
                                                                                      THEODORE J. FETTER
                                                                                      Deputy Administrative Director

Name of Defendant to be Served:                The Home Depot
Address of the Defendant to be Served:     2455 Paces Ferry Road
                                                            Atlanta, GA 30339

## DEPUTY CLERKS ADDRESSES

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401

LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Case Processing Section, Room 119
Justice Center, 10 Main St.
Hackensack, NJ 07601-0769

LAWYER REFERRAL
(201) 448-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Rd.
Mt. Holly, NJ 08060

LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
1st Fl., Hall of Records
101 S. Fifth St.
Camden, NJ 08103

LAWYER REFERRAL
(856) 964-4520
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 N. Main Street
Box DN-209
Cape May Court House, NJ 08210

LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Broad & Fayette Sts., P.O. Box 615
Bridgeton, NJ 08302

LAWYER REFERRAL
(856) 692-6207
LEGAL SERVICES
(856) 451-0003

**ESSEX COUNTY**
Deputy Clerk of the Superior Court
50 West Market Street
Room 131
Newark, NJ 07102

LAWYER REFERRAL
(973) 622-6207
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl., Court House
1 North Broad Street, P.O. Box 129
Woodbury, NJ 08096

LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House – 1st Floor
583 Newark Ave.
Jersey City, NJ 07306

LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08867

LAWYER REFERRAL
(908) 735-2611
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 South Broad St., P.O. Box 8068
Trenton, NJ 08650

LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court
Administration Building
Third Floor
1 Kennedy Sq., P.O. Box 2633
New Brunswick, NJ 08903-2633

LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
71 Monument Park
P.O. Box 1269
Freehold, NJ 07728-1262

LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
30 Schuyler Pl., P.O. Box 910
Morristown, NJ 07960-0910

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
Court House, Room 119
118 Washington Street
Toms River, NJ 08754

LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton St.
Paterson, NJ 07505

LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 345-7171

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
92 Market St., P.O. Box 18
Salem, NJ 08079

LAWYER REFERRAL
(856) 935-5628
LEGAL SERVICES
(856) 451-0003

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
New Court House, 3rd Fl.
P.O. Box 3000
Somerville, NJ 08876

LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207-6073

LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
Belvidere, NJ 07823-1500

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 475-2010

**RECEIVED**
APR 2 5 2007
BY:...........................

MONMOUTH COUNTY
SUPERIOR COURT
PO BOX 1269
FREEHOLD                NJ 07728

COURT TELEPHONE NO. (732) 677-4290
COURT HOURS

TRACK ASSIGNMENT NOTICE

DATE:    APRIL 23, 2007
RE:      SNYDER ETAL VS THE HOME DEPOT ETALS
DOCKET:  MON L -001956 07

THE ABOVE CASE HAS BEEN ASSIGNED TO: TRACK 2.

DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

THE PRETRIAL JUDGE ASSIGNED IS: RON JOSEPH P. QUINN

IF YOU HAVE ANY QUESTIONS, CONTACT TEAM          003
AT: (732) 677-4256.

IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH R.4:5A-2.

ATTENTION:

ATT: RONALD L. LORDEKEE
RONALD L. LORDEKEE
215 MORRIS AVE
SPRING LAKE          NJ 07762

JUDARN

**LUEDDEKE LAW FIRM**
215 MORRIS AVENUE
SPRING LAKE, NEW JERSEY 07762
(732) 449-2884
FAX: (732) 449-8226
**ATTORNEY FOR PLAINTIFF(S)**

CRAIG AND MARIE GWYDIR

Plaintiff(s),

v.

THE HOME DEPOT,
KRAFTMAID CABINETRY INC,
AND JOHN and JANE DOE
corporations

Defendant(s)

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION
MONMOUTH COUNTY

DOCKET NO. L 1956-07

**COMPLAINT AND JURY DEMAND**

The plaintiffs, Craig and Marie Gwydir, residing at 3 Woodland Drive, Township of East Windsor, State of New Jersey, by way of Complaint against the defendants says:

### FIRST COUNT

1. On information and belief, defendant, The Home Depot (hereinafter referred to as "Home Depot") is as foreign corporation authorized to do business in the State of New Jersey and actually conducting business in this State.

2. On information and belief, Home Depot has one or more retail stores in Monmouth County.

3. John Doe Corporation, on information and belief is the actual

corporation trading as Home Depot.

4. On information and belief, defendant, KraftMaid Cabinetry Inc. is as foreign corporation authorized to do business in the State of New Jersey and actually conducting business in this State.

5. Jane Doe Corporation on information and belief is the actual corporation trading as KraftMaid Cabinetry Inc.

6. On or about March 5, 2005, plaintiffs entered into a written contract with Home Depot wherein plaintiffs ordered KraftMaid manufactured kitchen cabinetry for their home in New Jersey located at 3 Woodland Drive, East Windsor, NJ. The contract included the purchase of various materials and fixtures from Home Depot. The cost of said cabinets was at or about $14,963.94.

6. In deciding to purchase KraftMaid cabinets, plaintiff relied upon numerous representations as to quality and design as made by KraftMaid in printed brochures.

7. At or about the same time, March 2005, Plaintiffs also ordered several new windows from Home Depot at a cost of $1,923.23.

8. Plaintiffs also ordered from KraftMaid a decorative panel for the refrigerator at a cost of $783.46.

9. The first installation of the cabinets was attempted in April 2005. Plaintiffs encountered numerous problems with the cabinetry, including delivery of the wrong size cabinets and defective product being supplied on a number of occasions. The problems with the cabinets included, but were not limited to, flaking finish, dripping stain, improperly fitted and/or inoperable hardware, cracks and

interior and exterior of the house, particularly with respect to paint which required additional painting some of which could not be properly matched to the existing paint.

18. Home Depot represented to plaintiffs that it would pay for all additional damages for modifications necessitated by the improperly sized windows. Home Depot however did not do so.

19. Plaintiffs also incurred damage to the existing kitchen and wallpaper as a result of the numerous installs and removals of the consistently defective cabinetry.

20. Plaintiffs have also had to rent a storage facility in which to store the defective cabinetry.

21. Plaintiffs were forced to buy all new cabinetry from another source.

22. Plaintiffs were also in the process of moving to Oregon and closed on a home in January 2006. Due the numerous and extensive delays with installing and removing the defective cabinetry, plaintiffs were unable to sell their home in New Jersey at a favorable time. In addition, plaintiffs previously perfect credit history was marred by the credit situation with Home Depot and they were forced to refinance their home in New Jersey at a higher rate. They were also forced to carry two mortgages on two homes due the delays caused by the defendants.

23. Plaintiffs also allege that defendants violated the various Home Improvement regulations, N.J.A.C. 13:45A-16.1 et seq., which are promulgated pursuant to the Consumer Fraud Act, N.J.S.A. 56:8-2, et seq.

24. The foregoing conduct of defendants constitutes a violation of the New

Jersey Consumer Fraud Act, N.J.S.A. 56:8-2 et seq.

WHEREFORE, plaintiff demands damages against defendants jointly and severally, as follows:

(1) Compensatory damages;
(2) Treble damages;
(3) Punitive damages;
(4) Rescission;
(5) Attorney's fees;
(6) Lawful interest;
(7) Costs of suit;
(8) For such other relief as the Court may deem equitable and just.

## SECOND COUNT

25. Plaintiffs repeat the allegations of the First Count as if set forth at length more fully herein.

26. The foregoing conduct of defendants constitutes fraud, legal and equitable.

WHEREFORE, plaintiff demands damages against defendants jointly and severally, as follows:

(1) Compensatory damages;
(2) Treble damages;
(3) Punitive damages;
(4) Rescission;
(5) Attorney's fees;
(6) Lawful interest;
(7) Costs of suit;
(8) For such other relief as the Court may deem equitable and just.

## THIRD COUNT

27. Plaintiffs repeat each and every allegation of the First and Second Counts as though set forth more fully at length herein.

28. The foregoing conduct of defendants constitutes an actionable breach

of contract and said defendants have been unjustly enriched.

29. Defendants further violated the implied covenants of good faith and fair dealing implied in all N.J. contracts.

**WHEREFORE**, plaintiffs demand damages against defendants jointly and severally, as follows:

(1) Compensatory damages;
(2) Treble damages;
(3) Punitive damages;
(4) Rescission;
(5) Attorney's fees;
(6) Lawful interest;
(7) Costs of suit;
(8) For such other relief as the Court may deem equitable and just.

## FOURTH COUNT

30. Plaintiffs repeat each and every allegation of the First, Second and Third Counts as though set forth more fully at length herein.

31. Defendants conduct, as aforesaid, constitutes actionable negligence.

32. As a result of defendants' negligence, as aforesaid, plaintiff has been severally damaged.

**WHEREFORE**, plaintiffs demands damages against defendants jointly and severally, as follows:

(1) Compensatory damages;
(2) Treble damages;
(3) Punitive damages;
(4) Rescission;
(5) Attorney's fees;
(6) Lawful interest;
(7) Costs of suit;
(8) For such other relief as the Court may deem equitable and just.

follows:

    (1) Compensatory damages;
    (2) Attorney's fees;
    (3) Lawful Interest;
    (4) Costs of suit;
    (5) For such other relief as the Court may deem equitable and just.

## JURY DEMAND

Plaintiffs herein demand a trial by jury as to all triable issues of fact.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Ronald L. Lueddeke, Esquire is hereby designated as trial counsel on behalf of the Plaintiff.

Dated: 4/17/07

By: _____

Ronald L. Lueddeke, Esq.

## CERTIFICATION

The undersigned, attorney for plaintiffs, hereby certifies that to the best of his knowledge he knows of no other action pending in connection with the within action now being filed with the Court. In addition, all necessary parties have been joined except as to the John Doe defendants.

Dated: 4/17/07

By: _____

Ronald L. Lueddeke, Esq.

RECEIVED
APR 19 2007
SUPERIOR COURT OF NEW JERSEY
MONMOUTH VICINAGE
CIVIL DIVISION

# CIVIL CASE INFORMATION STATEMENT
## (CIS)

Use for initial Law Division – Civil Part pleadings (not motions) under Rule 4:5-1.
Pleading will be rejected for filing, under Rule 1:5-6(c), if information above the black bar is not completed or if attorney's signature is not affixed.

| | |
|---|---|
| PAYMENT TYPE: | CK  CG  CA |
| CHG/CK NO. | |
| AMOUNT: | |
| OVERPAYMENT: | |
| BATCH NUMBER: | |

**ATTORNEY/PRO SE NAME:** Ronald L. Lueddeke, Esq.
**TELEPHONE NUMBER:** (732) 449-2884
**COUNTY OF VENUE:** Monmouth County
**FIRM NAME (if applicable):** Lueddeke Law Firm
**DOCKET NUMBER (when available):** L-1956-07
**OFFICE ADDRESS:** 215 Morris Avenue, Spring Lake, NJ 07762
**DOCUMENT TYPE:** Complaint & Jury Demand
**JURY DEMAND:** ☑ Yes ☐ No

**NAME OF PARTY (e.g., John Doe, Plaintiff):** Craig & Marie Gwydir
**CAPTION:** Craig & Marie Gwydir v. The Home Depot, Kraftmaid Cabinetry, Inc., and John and Jane Doe corporations

**CASE TYPE NUMBER (See reverse side for listing):** 699
**IS THIS A PROFESSIONAL MALPRACTICE CASE?** ☐ YES ☑ NO
IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT.

**RELATED CASES PENDING?** ☐ YES ☑ NO
**IF YES, LIST DOCKET NUMBERS:**

**DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)?** ☐ YES ☑ NO
**NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY, IF KNOWN:** ☐ NONE ☑ UNKNOWN

THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.

**CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION**

A. DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ☐ YES ☑ NO
IF YES, IS THAT RELATIONSHIP: ☐ EMPLOYER-EMPLOYEE ☐ FRIEND/NEIGHBOR ☐ OTHER (explain) ☐ FAMILIAL ☐ BUSINESS

B. DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ☑ YES ☐ NO

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION:

None

**DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?** ☐ YES ☑ NO
IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION:

**WILL AN INTERPRETER BE NEEDED?** ☐ YES ☑ NO
IF YES, FOR WHAT LANGUAGE:

**ATTORNEY SIGNATURE:** [signature]

Revised effective 3/1/04